UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FERNANDO DASILVA,<br><br>    Plaintiff,<br><br>vs.<br><br>ABM BUILDING SOLUTIONS, LLC,<br><br>    Defendant. | COLLECTIVE ACTION COMPLAINT<br><br>**Jury Trial Demanded**<br><br>Docket No.: |

Plaintiff FERNANDO DASILVA ("DaSilva" or "Plaintiff") on behalf of himself and all others similarly situated (collectively "Plaintiffs"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants ABM BUILDING SOLUTIONS, LLC, (hereinafter "ABM"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated–non-exempt maintenance workers– who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

1

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed non-exempt maintenance duties for the Defendants maintenance company. Plaintiff worked in Defendants' clients' buildings located in Hudson County, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

7. At all times pertinent to this Complaint, the Defendant ABM, was an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, the Defendant purchases tools and materials for its employees to maintain clients' commercial properties. Further, Defendant ABM operates in several states.

8. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using tools and materials to perform their jobs, those tools and materials having moved through interstate channels so as to produce an end product for Defendant's clients. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

9. Upon information and belief, at all times relevant to this Complaint, the Defendant ABM, employs individuals to perform labor services on behalf of the Defendant.

10. Upon information and belief, at all times relevant to this Complaint, the Defendant ABM's annual gross volume of sales made or business done was not less than $500,000.00.

## PARTIES

11. Plaintiff DaSilva is an adult individual who is a resident of Sayerville, Middlesex County, New Jersey.

12. Plaintiff DaSilva was employed by Defendant full time as a maintenance/laborer performing maintenance/labor duties.

13. Upon information and belief, the Defendant owns and/or maintains a company which performs integrated facility services, and, in part, includes maintenance of Defendant's clients' commercial properties, i.e., HVAC and plumbing maintenance, property reconfigurations and renovations.

14. Upon information and belief, ABM's New Jersey headquarters is in Kenilworth, Union County, New Jersey.

## FACTS

15. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendant did not properly compensate Plaintiff, and those similarly situated employees, for all overtime hours worked in a work week.

16. Plaintiff worked for Defendant from in or about March 2016, through in or about November 2016.

17. During his employment with Defendant, Plaintiff DaSilva was an hourly employee and his hourly rate of pay was $38.00.

18. Plaintiff routinely worked five (5) to six (6) days per week.

19. Plaintiff was scheduled to work Monday through Friday from 3:00 p.m. until 11:00 p.m., without any mealtime breaks.

20. When Plaintiff worked Saturdays, Plaintiff was paid for his scheduled overtime.

21. However, each day, Plaintiff DaSilva routinely arrived at work and started to work approximately one (1) hour each before the start of his shift.

22. Although Defendant was aware of Plaintiff's pre-shift work, Defendant did not compensate Plaintiff for this work.

23. During this pre-shift work, Plaintiff would address those tasks that required immediate attention, which included, but were not limited to, maintenance of the data center as well as other building maintenance duties.

24. Defendant did not have a time clock; instead, Defendant required Plaintiff to sign a handwritten time sheet prepared by his supervisor, which included only Plaintiff's scheduled work was not representative of the actual time that Plaintiff worked.

25. Like Plaintiff, other similarly situated maintenance workers routinely arrived to work prior to their scheduled shift and began working; however, they were not paid for this pre-shift work.

26. Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

27. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendant.

28.     This cause of action is brought to recover from Defendant, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

29.     The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff, are in the possession and custody of Defendant.

30.     The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendant.

31.     At all times pertinent to this complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and those similarly situated employees performed services and labor for Defendant for which Defendant made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

32.     The additional persons who may become Plaintiffs in this action are Defendant's non-exempt employees who have worked overtime hours in one or more work periods, on or after April, 2015, and were not properly compensated for hours worked in excess of forty (40) within a workweek.

33.     Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**
**PURSUANT TO THE FLSA**

34. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 33 above.

35. Plaintiff is entitled to be paid additional compensation for all of his overtime hours worked, yet not paid, in a work week.

36. All similarly situated employees of the Defendant are also owed their overtime pay for each and every overtime hour they worked and were not properly paid.

37. Defendant knowingly and willfully failed to pay Plaintiff and the other similarly situated to them at one and one-half times their regular rate of pay for all of their overtime hours worked in a work week.

38. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

39. As a result of Defendant's willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

**COUNT II**
**RECOVERY OF OVERTIME COMPENSATION**
**PURSUANT TO THE NJWHL**

40. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 39 above.

41. Defendant's aforementioned conduct is in violation of the NJWHL.

42. As a direct and proximate cause of Defendant's actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## JURY TRIAL

43. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff FERNANDO DASILVA and those similarly situated to him, who have or will become part of this collective action, demand judgment, against Defendant ABM BUILDING SOLUTIONS, LLC, for the payment of compensation for all overtime hours due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: April 16, 2018                     Respectfully submitted,

                                                       s/ Jodi J. Jaffe
                                                      Jodi J. Jaffe, Esquire
                                                      E-mail: JJaffe@JaffeGlenn.com
                                                      New Jersey Bar No.: 022351993
                                                      **JAFFE GLENN LAW GROUP, P.A.**
                                                      301 N. Harrison Street, Suite 9F, #306
                                                      Princeton, New Jersey 08540
                                                      Telephone: (201) 687-9977
                                                      Facsimile: (201) 595-0308
                                                      *Attorneys for Plaintiff*